UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STUART JAMES MULLER,<br><br>Plaintiff,<br><br>v.<br><br>JIUN-LIANG CHEN a/k/a RICKY CHEN and ZHAOJIE TECHNOLOGY INTERNATIONAL CO. LIMITED d/b/a ION ELECTRONIC MATERIALS CO., LTD.,<br><br>Defendants. | Case No. 1:23-cv-12662-PGL |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION FOR SERVICE OF PROCESS BY CLERK OF COURT</u>**

The plaintiff Stuart James Muller (the "Plaintiff"), by and through his undersigned counsel, hereby submits this Memorandum of Law in Support of his Motion for Service of Process by the Clerk of Court on the defendants Jiun-Liang Chen A/K/A Ricky Chen ("Chen") and Zhaojie Technology International Co. Limited D/B/A Ion Electronic Materials Co., Ltd. ("IEM").

**FACTUAL BACKGROUND**

On November 3, 2023, Plaintiff initiated this action against Chen and IEM, both of whom are located in Taiwan. ECF No. 1. On November 13, 2023, copies of the summons and complaint were mailed by FedEx, together with requests for waivers of service pursuant to Rule 4(d), to the Chen at his last known work address: Richy Chen, Zhaojie Technology International Co., No. 195 Xiangxi Road, Hsinshu County, Hu Kou, Taiwan, Republic of China. See Declaration of R. Terry Parker in Support of Plaintiff's Motion for Service by Clerk of Court ("Parker Decl.") at ¶2. On November 13, 2023, copies of the summons and complaint were

mailed by FedEx, together with requests for waivers of service pursuant to Rule 4(d), to IEM at its last known address: Zhaojie Technology International Co., No. 195 Xiangxi Road, Hsinshu County, Hu Kou, Taiwan, Republic of China.  Id. at ¶ 3.

On November 29, 2023, Plaintiff's correspondence to Chen containing copies of the summons and complaint was returned to the undersigned counsel.  Parker Decl. at ¶ 3.  On November 29, 2023, Plaintiff's correspondence to IEM containing copies of the summons and complaint was returned to the undersigned counsel.  Id. at ¶ 4.  With respect to the copies of the summons and complaint mailed to Chen by FedEx, the undersigned counsel understands from the tracking service at FedEx that delivery was refused by the recipient.  Id. at ¶ 5.  With respect to the copies of the summons and complaint mailed to IEM by FedEx, the undersigned counsel understands from the tracking service at FedEx that delivery was refused by the recipient.  Id. at ¶ 6.

On or about December 15, 2024, Plaintiff sought counsel from attorneys in the United States with experience in the area of international service of process.  Parker Decl. at ¶ 7.  In or about February 1, 2023, Plaintiff sought assistance from counsel in Taiwan to serve Defendants in accordance with Taiwanese law as permitted by Rule 4(f)(A)(2) of the Federal Rules of Civil Procedure.  Id. at ¶ 8.  On April 19, 2024, the undersigned counsel was informed by Plaintiff's Taiwan counsel that copies of the summons and complaint for both Defendants were personally delivered at the offices of IEM at the address No. 195 Xiangxi Road, Hsinshu County, Hu Kou, Taiwan, Republic of China.  Id. ¶ 9.  Plaintiff's Taiwan counsel has represented to the undersigned counsel that IEM has been properly served in accord with the laws of Taiwan, namely, pursuant to Article 137 of the Taiwan Code of Civil Procedure.  Id. ¶ 10.

However, on April 19, 2024, accordingly to Plaintiff's Taiwan counsel, four individuals in surgical masks entered the offices of Plaintiff's Taiwan counsel, one of whom threw copies of the summons and complaint at Plaintiff's Taiwan counsel, while two of the other individuals filmed the incident before leaving the offices of Plaintiff's Taiwan counsel.  As Plaintiff's Taiwan counsel described it: "Last Friday (April 19), Zhaojie sent a group of four people to harass our law firm and literally threw the documents back to us; see the attached video, identifying four people with masks entering the elevator.  In addition, the seal of the envelope enclosing the documents was obviously broken.  I never expected such uncivilized behavior to happen to my law firm, and I don't want it to happen again."  Id. at ¶ 12.

Because Plaintiff now anticipates service of process will contested in this matter, Plaintiff has moved this court for service of process by clerk of Court pursuant to Rule 4(f)(2)(C)(ii) and Rule 4(h) of the Federal Rules of Civil Procedure.

**ARGUMENT**

Rule 4(f) of the Federal Rules of Civil Procedure provides that service on an individual in a foreign country "may be accomplished by any internationally agreed means reasonably calculated to give notice, such as those authorized by the Hague Convention.  *Emery v. Wood Indus., Inc*. 2001 WL 274747, *1 (D. N.H. Jan. 17 2001).  Taiwan is not a party to the Hague Convention or any other relevant international agreement.  *Id*.  Under Rule 4(f)(2)(C)(ii), a foreign corporation may be served, "unless prohibited by the foreign country's law, by using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii).  The vast majority of cases to consider the issue have held that Taiwan law does not prohibit service as per Rule 4(f)(2)(C)(ii).  *See Ballard v. Tyco Int'L Ltd*. , 2005 DNH 115 2005 WL 1863492, *4 (D. N.H.. Aug. 4, 2005); *see also Emery v. Wood*

*Indus., Inc.*, 2001 DNH 155 2001 WL 951579, *2 (D. N.H. Aug. 20 2001) (denying motion to quash service on defendant in Taiwan where service made by certified mail return receipt requested, pursuant to Rule 4(f)(2)(C)(ii)); *Fujitsu Ltd. v. Nanya Tech. Corp.*, 2007 WL 484789, at *5 (N.D.Cal. Feb.9, 2007); *Trueposition, Inc. v. Sunon, Inc.*, 2006 WL 1686635, at *5 (E.D.Pa. Jun.14, 2006).

Similarly, Rule 4(h) provides that a corporate defendant in a foreign country may also be served by mail for which a signed receipt is required, when such mail is addressed and mailed by the Clerk of Court. See Fed. R. Civ. P. 4(h) (providing that a corporation may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual " which includes mail that the Clerk of Court addresses and sends to the defendant and that requires a signed receipt, pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii)).

Therefore, both of the Defendants in this case may be served via "mail that the clerk addresses and sends to (the Defendants) and that requires a signed receipt." Fed. R. Civ. 4(f)(2)(C)(ii).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests its Motion For Service of Process by Clerk Of Court be granted.

Dated: April 29, 2024

                                              Respectfully submitted,

                                              /s/ *R. Terry Parker*
                                              R. Terry Parker (BBO # 569008)
                                              Law Office of R. Terry Parker
                                              43 W. 43rd Street, Suite 275
                                              New York, New York
                                              10036-7424
                                              Tel: (212) 598-5068
                                              Email: terry@rterryparkerlaw.com

                                              *Attorney for Plaintiff*

Case 1:23-cv-12662-PGL   Document 5   Filed 04/29/24   Page 5 of 5