UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STUART JAMES MULLER,<br><br>   Plaintiff,<br><br>  v.<br><br>JIUN-LIANG CHEN a/k/a RICKY CHEN and ZHAOJIE TECHNOLOGY INTERNATIONAL CO. LIMITED d/b/a ION ELECTRONIC MATERIALS CO., LTD.,<br><br>   Defendant. | Case No. **1:23-CV-12662-PGL** |

## **DECLARATION OF KUNGCHOU TSAI**

I, KUNGCHOU TSAI, declare as follows:

1. I am over the age of 18 and a resident of Taiwan. I make this declaration based solely upon my personal knowledge and am competent to testify to the following facts.

2. I am an attorney licensed to practice and currently practice law in the Republic of China ("R.O.C.") in Taiwan. I am a partner at Enlighten Law Firm, 11/F No. 391 Xinyi Rd. Sec. 4, Xinyi District, Taipei 110, Taiwan, and am conversant with the laws of Taiwan as they relate to the service of process in legal actions in the courts of Taiwan.

3. My firm was engaged by the plaintiff Stuart James Muller ("Plaintiff") to effect service of process on the defendant Jiun-Liang Chen (陳俊良).

4. I now submit this declaration as testimony that the defendant Jiun-Liang Chen has been served in accord with laws of Taiwan.

5. I have reviewed the corporate filings with the Taiwan Ministry of Economic Affairs. These official records list Jiun-Liang Chen as the Chairman of Megachem Advance Research Materials Co., Ltd. (hereinafter referred to as "Megachem"). On 16th July, 2024, I visited the offices of Megachem at 10F-1, No. 31, Fuxing 5th St., Zhubei City, Hsinchu County, Taiwan (R.O.C.). This address is Jiun-Liang Chen's place of employment, as he is the Chairman of Megachem. At the Megachem offices, I was greeted by a receptionist. I informed him that the purpose of my visit was to

deliver documents upon Jiun-Liang Chen. The receptionist indicated his willingness to accept the documents on behalf of Jiun-Liang Chen. I then personally delivered copies of the Summons and Complaint to this receptionist, and he accepted them on behalf of Jiun-Liang Chen. Based on my years of experience as an attorney in Taiwan and the actions and demeanor of the receptionist, it appeared to me that he had the authority to accept service on behalf of Jiun-Liang Chen.

6. According to Article 136 of the Taiwan Code of Civil Procedure, service of process can be effected at the recipient's domicile, residence, office, place of business, or place of employment. As Jiun-Liang Chen is the Chairman of Megachem, the company's office is his place of employment, thus making this service of process compliant with the law.

7. According to Article 137 of the Taiwan Code of Civil Procedure, service of process on a receptionist at the defendant's place of employment is considered proper and effective. This provision is interpreted to allow for service upon employees or agents of suitable age and discretion to receive documents on behalf of the intended recipient. In my professional opinion, the service of process on the receptionist in this case fully complies with the requirements of Taiwan law.

8. Based on my 20 years of experience in practicing law in Taiwan and my knowledge of Taiwan laws regarding the service of process, it is my opinion that service of process upon Jiun-Liang Chen is effective. Article 137 of the Taiwan Code of Civil Procedure is widely interpreted in Taiwanese jurisprudence as allowing for personal service upon an individual through an employee at their place of employment. I am not aware of any provision of Taiwan civil law or judicial opinion that prohibits service of legal process upon a Taiwan resident of the underlying legal papers, including a summons issued by a foreign court, by a person other than a clerk from a Taiwan court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 20th day of August, 2024, at Taipei City, Taiwan, R.O.C.

_____
KUNGCHOU TSAI